**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                        *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HEATHER PECK,** | : | Civil Action No. |
| **600 Stadium Drive** | : | |
| **Bellwood, PA 16617** | : | |
|       **Plaintiff,** | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **PRIMECARE MEDICAL, INC.,** | : | |
| **419 Market Square Alley** | : | |
| **Hollidaysburg, PA 16648** | : | |
| | : | |
| **3940 Locust Lane** | : | |
| **Harrisburg, PA 17109** | : | |
|       **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Heather Peck (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against PrimeCare Medical, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant PrimeCare Medical, Inc. is a correctional health care company providing services to Blair County Prison located at 419 Market Square Alley, Hollidaysburg, PA 16648 and corporate headquarters located at 3940 Locust Lane, Harrisburg, PA 17109.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the AEDA, Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on November 3, 2023, alleging sexual harassment and age discrimination and retaliation against Defendant.

14. The Charge was assigned Charge Numbers 530-2024-01105 and 530-2024-01108 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charges and those Notices are dated January 23, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1982.

21. In or around February 2023, Defendant hired Plaintiff in the position of Licensed Practical Nurse ("LPN").

22. Plaintiff was well qualified for her position and performed well.

23. Defendant hired Plaintiff as a "Floater", moving between Defendant's locations as needed.

24. However, Plaintiff primarily worked at Defendant's Blair County Prison ("the prison") location at the start of her employment with Defendant.

25. Plaintiff was the oldest LPN at the prison.

26. Plaintiff's counterparts were all in their 20's.

27. Shortly after her hire, Plaintiff noticed that her younger counterparts engaged in inappropriate behavior that was against Defendant's policies.

28. Specifically, several of Plaintiff's younger counterparts, including Courtney McClain and Malinka LNU, engaged in sexual intimate relations with security officers at the prison.

29. During their shifts, McClain and Malinka frequently engaged in sexually inappropriate conversations in front of Plaintiff.

30. Further, Plaintiff's younger counterparts, including Malinka and Tiffany Jones brought in contraband to the prison.

31. Plaintiff also witnessed Jones discuss taking patients' medications and using them outside of work.

32. On one occasion, Jones stated that she would be taking the drugs "for [her] hangover" on a beach vacation.

33. Throughout the spring of 2023, Plaintiff complained in person to Jenn Bennett, Assistant Director of Nursing, about her younger counterpart's sexually explicit and illegal conduct at least ten (10) times.

34. However, Bennett did not take corrective actions to address the situation.

35. The conduct continued.

36. On or around May 5, 2023, Plaintiff mentioned to McClain and several other employees that her daughter had been sexually assaulted by an inmate at State Correction Institution - Houtzdale, and that he was going to be released.

37. Later, upon information and belief, McClain mockingly stated to Malinka and Jones "yeah and what about it?" in regards to Plaintiff's sensitive situation.

38. Plaintiff reported McClain's behavior to Bennett once again.

39. Bennett did not take corrective actions to address the situation.

40. In or around July 2023, Plaintiff submitted her two (2) weeks' notice via email to Bennett and Kasey O'Neill, Vice President of Operations, due to her younger counterparts' ongoing harassment and inappropriate behavior.

41. However, O'Neill pulled Plaintiff aside during her shift later that day.

42. O'Neill convinced Plaintiff to stay with Defendant, promising her a regular work rotation as a Floater that did not include the prison.

43. Plaintiff would be working primarily at Defendant's Centre County Jail location on this new schedule rotation.

44. Shortly after, O'Neill asked Plaintiff to take float shifts at Defendant's Clearfield County Jail location in addition to her shifts at the Centre location.

45. Clearfield County was outside the scope of Plaintiff's "floater" contract with Defendant.

46. However, Plaintiff agreed to work one (1) shift at the location.

47. At this shift, Plaintiff discovered she would be expected to be alone with inmates without a security officer present.

48. This was against Defendant's policies.

49. Plaintiff refused to enter the location under these conditions.

50. After the shift, Plaintiff called O'Neill and complained about unsafe working conditions.

51. O'Neill responded that the only solution was to place Plaintiff at the Centre location permanently, rather than having her continue her role as a Floater.

52. This would mean Plaintiff would be forced to take a $5.50 per hour pay cut.

53. However, Plaintiff agreed, after being told it was her only option.

54. As a result, Plaintiff began working permanently at Defendant's Centre location.

55. In or around mid-September 2023, Plaintiff arrived early to her scheduled shift.

56. Alicia Weaver (late 20's), Assistant Director of Nursing, arrived fifteen (15) minutes after Plaintiff.

57. "Peters", Security Officer, joked to Weaver that she was late, and Plaintiff had been there early.

58. Despite arriving after Plaintiff, Weaver responded, "Well, [Plaintiff] is getting written up."

59. Immediately, Plaintiff submitted a formal written complaint to O'Neill and Cassie Nickels, Health Systems Administrator at Centre, by email about Weaver's conduct.

60. Later that shift, Nickels spoke in person with Plaintiff about her complaint.

61. Nickels confirmed that other employes had complained of Weaver's conduct.

62. Nickels said she would handle the situation.

63. Approximately one (1) week later, Human Resources came to Defendant's Centre location.

64. Alyssa LNU, Human Resources, met with Plaintiff regarding her complaint.

65. Alyssa told Plaintiff to inform her if any other discriminatory or retaliatory conduct occurred.

66. Upon information and belief, Nickels had informed the rest of the staff at Centre that Human Resources came to Centre because Plaintiff filed a formal complaint about Weaver's conduct.

67. A few days later, Weaver and Plaintiff worked a shift together.

68. During this shift, Weaver and Nickels acted in a hostile manner toward Plaintiff, refusing to speak with or address Plaintiff.

69. On or around September 21, 2023, Plaintiff called Alyssa to complain of this hostile, retaliatory behavior.

70. Alyssa responded, "I don't know what you want me to do about it."

71. Alyssa then informed Plaintiff she would be placed on a one (1) day suspension for "attendance" if she took a personal day on September 23, 2023.

72. By way of background, prior to this, Plaintiff had requested a personal day off on September 23, 2023.

73. This was Plaintiff's wedding day.

74. Plaintiff had never been given a discipline or verbal warning about attendance prior.

75. This threat of suspension was retaliatory.

76. On or around September 26, 2023, Plaintiff submitted her resignation via email to Nickels and O'Neill due to Defendant's ongoing discrimination and retaliation.

77. Plaintiff was constructively discharged.

78. Defendant discriminated against Plaintiff due to her age in violation of the ADEA and the PHRA.  Defendant subjected Plaintiff to sexual harassment in violation of Title VII and the PHRA.  Defendant retaliated against Plaintiff due to her complains of age discrimination and sexual harassment in violation of the ADEA, Title VII and the PHRA.

79. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. Plaintiff was born in 1982.

82. Plaintiff was qualified to perform the job.

83. Plaintiff was constructively discharged from Defendant.

84. Defendant treated younger employees more favorably than Plaintiff.

85. Defendant has no legitimate non-discriminatory reason for its actions.

86. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. Plaintiff was born in 1982.

89. Plaintiff was qualified to perform the job.

90. Plaintiff was constructively discharged from Defendant.

91. Defendant treated younger employees more favorably than Plaintiff.

92. Defendant has no legitimate non-discriminatory reason for its actions.

93. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

96. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in

      Plaintiff's position.

97. The unlawful employment practices outlined above were intentional.

98. Plaintiff suffered tangible employment actions as alleged herein.

99. Defendant knew or reasonably should have known of the sexual harassment.

100. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

101. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

102. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT PENNSYLVANIA HUMAN RELATIONS ACT

103. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

104. The foregoing conduct created a sexually hostile work environment for Plaintiff.

105. Plaintiff suffered intentional discrimination because of her sex.

106. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

107. The discrimination detrimentally affected Plaintiff.

108. Plaintiff suffered tangible employment actions as alleged herein.

109. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

110. Defendant knew or reasonably should have known of the sexual harassment.

111. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing

behavior.

112. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

113. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

114. Plaintiff engaged in activity protected by the ADEA.

115. Plaintiff reported age discrimination to Defendant.

116. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

117. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

118. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

119. Plaintiff engaged in activity protected by Title VII.

120. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

121. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

123. Plaintiff engaged in activity protected by the PHRA.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Heather Peck, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, Title VII, and the PHRA.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                        **RESPECTFULLY SUBMITTED,**

                                        **KOLLER LAW, LLC**

Date: April 23, 2025        **By:**  ***/s/David M. Koller***
                                                    David M. Koller, Esquire
                                                    Jordan D. Santo, Esquire
                                                    2043 Locust Street, Suite 1B
                                                    Philadelphia, PA 19103
                                                   215-545-8917
                                                   davidk@kollerlawfirm.com
                                                   jordans@kollerlawfirm.com

                                                   *Counsel for Plaintiff*